**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 23-cv-01867-NYW-CYC

MAX FIRE APPARATUS, INC.,

     Plaintiff,

v.

ROSENBAUER AMERICA, LLC,

     Defendant.

---

## ORDER

---

This matter is before the Court on the Motion for Entry of Final Judgment (or the "Motion"). [Doc. 43]. In the Motion, Plaintiff Max Fire Apparatus, Inc. ("Plaintiff" or "Max Fire") asks the Court to enter final judgment on certain portions of certain claims asserted in this case. [*Id.* at 2]. For the reasons set forth in this Order, the Motion for Entry of Final Judgment is respectfully **DENIED**.

This case arises out of a contract dispute between Defendant Rosenbauer America, LLC ("Defendant" or "RBA"), a manufacturer of fire and emergency vehicles, and Max Fire, a seller and distributor of RBA vehicles. [Doc. 1 at ¶¶ 6, 8]. In its Complaint, Max Fire asserts four claims against RBA. Count I is a breach of contract claim alleging that RBA breached the Parties' Dealer Agreement by (1) imposing an allegedly improper surcharge; (2) failing to pay Max Fire certain commissions; (3) selling a vehicle without informing Max Fire; and (4) terminating the Dealer Agreement without notice. [*Id.* at ¶¶ 48–58]. Count II is a breach of contract claim that alleges RBA breached certain Dealer Handbooks by (1) failing to provide Max Fire support to ensure the Dealer

Agreement would not be terminated; and (2) terminating the Dealer Agreement.  [*Id.* at

¶¶ 59–66].  Count III is based on an alleged breach of the implied duty of good faith and

fair dealing, and asserts that RBA breached that duty by (1) imposing surcharges; (2) not

paying commissions; (3) thwarting Plaintiff's sales efforts; and (4) terminating the Dealer

Agreement.  [*Id.* at ¶¶ 67–74].  And Count IV alleges a violation of U.C.C. § 2-305(2).  [*Id.*

at ¶¶ 75–80].

On December 17, 2024, this Court granted in part and denied in part a Motion for

Partial Summary Judgment filed by RBA.  *See* [Doc. 41].  Specifically, the Court granted

summary judgment in RBA's favor on (1) Count I, to the extent it is based on the alleged

wrongful termination of the Dealer Agreement, [*id.* at 14]; (2) Count II, to the extent it

alleges a breach of the 2022 Dealer Handbook based on the alleged wrongful termination

of the Dealer Agreement, [*id.* at 21]; and (3) Count III, to the extent this claim is based on

Defendant terminating the Dealer Agreement, [*id.* at 22].  Max Fire now asks the Court to

"enter final judgment pursuant to Rule 54(b) with respect to . . . Counts I, II, and III to the

extent they are based on the alleged wrongful termination of the Dealer Agreement."

[Doc. 43 at 2].

Rule 54(b) permits a district court to "direct entry of final judgment as to one or

more, but fewer than all, claims" where "the court expressly determines that there is no

just reason for delay."  Fed. R. Civ. P. 54(b).  There are "three prerequisites" for Rule

54(b) certification:  there must be "(1) multiple claims; (2) a final decision on at least one

claim; and (3) a determination by the district court that there is no just reason for delay."

*Jordan v. Pugh*, 425 F.3d 820, 826 (10th Cir. 2005).  Whether to grant Rule 54(b)

certification is within the trial court's discretion.  *Curtiss-Wright Corp. v. Gen. Elec. Co.*,

446 U.S. 1, 8 (1980).

Max Fire argues that Rule 54(b) certification is appropriate because the Court's summary judgment order disposed of legally distinct portions of Counts I, II, and III that are completely unrelated to its remaining claims. [Doc. 43 at 4]. Plaintiff also states that it plans to appeal the Court's summary judgment ruling, and because "[a]n appeal is inevitable" in this case, it follows that "judicial administrative interests are better served if the Court enters final judgment pursuant to Rule 54(b) and allows Max Fire to appeal immediately." [*Id.* at 5]. In response, Defendant argues that (1) Rule 54(b) is inapplicable because the Court's summary judgment order did not dispose of any entire claim, [Doc. 46 at 5–7], and (2) the issues Plaintiff wants to appeal immediately are not completely separable from the claims remaining in the case, [*id.* at 7–8]. In its Reply, Plaintiff insists that its "claims for wrongful termination of the Dealer Agreement . . . are cognizable claims for relief." [Doc. 47 at 3].

The Court respectfully disagrees that Rule 54(b) certification is appropriate where, like here, the Court has disposed of only a *portion* of certain claims for relief. "To be final for purposes of Rule 54(b)," the Court's order must be "final" "in the sense that it is 'an *ultimate disposition of an individual claim* entered in the course of a multiple claims action.'" *Jordan*, 425 F.3d at 826 (quoting *Curtiss-Wright Corp.*, 446 U.S. at 7 (emphasis added)). "A decision that leaves a portion of the claim pending as to all defendants does not fall within the ambit of Rule 54(b)." 10 Wright & Miller, Federal Practice & Procedure § 2656 (4th ed. June 2024 update).

As explained above, Plaintiff asserts four claims in its Complaint, with the first three raising a few alternative theories of relief. The Court's summary judgment ruling disposed

3

of particular theories of relief for Counts I, II, and III, but it was not a "final decision" on the *entirety* of any claim, as required for Rule 54(b) certification. Indeed, all of the claims in Plaintiff's Complaint remain pending, albeit in a more limited scope than originally asserted. And without a final decision on any claim, the Court cannot certify its summary judgment order under Rule 54(b). *See Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n.1 (10th Cir. 1991) ("[B]ecause it did not completely dispose of a single one of the claims asserted by plaintiff, the order could not be, and was not, certified as final under Fed. R. Civ. P. 54(b)."); *SCO Grp., Inc. v. Novell, Inc.*, No. 2:04-cv-00139-TS, 2007 WL 2684537, at *2 (D. Utah Sept. 7, 2007) (recognizing that "portions of the parties' claims for relief do not constitute individual claims for purposes of Rule 54(b)"); *Block v. Pre-paid Legal Servs., Inc.*, No. 5:07-cv-01304-F, 2009 WL 5216908, at *2 (W.D. Okla. May 20, 2009) ("Because the order did not completely dispose of an 'entire' claim for relief, the court finds that certification of the February 26, 2009 order as a final judgment under Rule 54(b) is not proper."). Accordingly, the Court will deny Plaintiff's Motion.

**CONCLUSION**

For the reasons set forth above, **IT IS ORDERED** that:

(1)    The Motion for Entry of Final Judgment [Doc. 43] is **DENIED**.

DATED:  March 3, 2025                    BY THE COURT:

_____
Nina Y. Wang
United States District Judge

4
